UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SVETLANA DALI,

    Plaintiff,

    v.

WALTER REED NATIONAL
MILITARY MEDICAL CENTER, et al.,

    Defendants.

Case No. 24-cv-3313 (CRC)

## MEMORANDUM OPINION

Plaintiff Svetlana Dali, proceeding *pro se* and in forma pauperis ("IFP"), has filed a complaint purporting to assert causes of action against Walter Reed National Military Medical Center and several other defendants. Because her complaint does not comply with Federal Rule of Civil Procedure 8(a)(2), the Court will dismiss the complaint *sua sponte*.

In September 2024, Dali filed a Complaint in the Superior Court for the District of Columbia against the Court Services & Offender Supervision Agency ("CSOSA") and Walter Reed Medical Center ("Walter Reed"), which is located in Bethesda, Maryland. See Compl, ECF No. 1-1, at 1, 9 (page numbers designated by CM/ECF).[1] Three days later, Dali filed an Amended Complaint, adding five new defendants: Holy Cross Health Center (located in Silver Spring, Maryland), Suburban Hospital (located in Bethesda, Maryland), the D.C. Inspector General, the United States Department of Justice ("DOJ"), and a defendant referred to only as "FOIA." See Am. Compl at 1.

---

[1] Dali appears to be a resident of Philadelphia, see Compl. at 1, but also provides a District of Columbia address, see Am. Compl., ECF No. 1-2, at 1.

On November 21, 2024, Defendants Walter Reed, DOJ, and CSOSA removed the case to this District pursuant to 28 U.S.C. § 1442(a)(1).  See Notice of Removal, ECF No. 1.  There is no indication that Defendants were served prior to removal.  See Dkt.; Defs.' Status Report, ECF No. 3, at 1.  Upon review, and for the reasons discussed below, this matter is dismissed without prejudice—the usual remedy for noncompliance with Rule 8(a)(2).  Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977).

Even *pro se* litigants like Ms. Dali must comply with the applicable Rules of Civil Procedure.  See Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).  Relevant here, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Ciralsky v. CIA, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8(a) standard ensures that defendants receive fair notice of the claims asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  Brown, 75 F.R.D. at 498.

Courts have "unhesitatingly dismissed actions where the complaint" fails to comply with Rule 8(a), including complaints that are "confusing, ambiguous, redundant, vague and, in some respects, unintelligible."  Brown, 75 F.R.D. at 499 (collecting cases).  Such dismissals may be ordered on motion or *sua sponte* by the court.  Hamrick v. United States, No. 08-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30, 2009) (citing Resource N.E. of Long Island, Inc. v. Babylon, 28 F. Supp. 2d 786, 794 (E.D.N.Y. 1998)).

Neither the Complaint nor Amended Complaint complies with the requirements of Rule 8(a)(2).  The Amended Complaint is mostly devoid of factual allegations, essentially functioning

as a stand-alone list of the five new defendants.  See Am. Compl.  Dali's sole allegation is a vague contention that she filed "police reports" from 2017 to date, including a "statement" with the DOJ in 2018, but law enforcement has declined to investigate her claims.  Id. at 1.  She claims this purported inaction violates her "civil rights."  Id.  Applicable here, "[t]he general rule is that an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts an earlier pleading." Simms v. D.C. Gov't, 646 F. Supp. 2d 36, 37–38 (D.D.C. 2009).  That leaves Dali with an operative pleading that is formless and meager at best.

But even generously construing the Amended Complaint as a supplement to its precursor, the original Complaint fares no better.  There, Dali alleges that in 2023, she was poisoned and "abused by drugs" in Germany by "warfare chemical agents."  See Compl. at 1.  Then, in 2024, she claims she was once again "poisoned in Washington D.C."  Id.  Sometime later, in order to file a report with law enforcement, she purportedly went to the hospital to be tested for exposure to these "military poisons."  Id. at 1.  She was informed, however, that a "civil hospital" lacks the capabilities to test for "heavy metal nuclear chemical agents."  Id. at 1, 27.  According to Dali, Walter Reed has agreed to develop a specific blood test for her, but first requires her to provide a verified email address.  See id. at 2.  Dali therefore asks the Court to "obligate" Walter Reed "to make [her] [a] spectral blood test (Massenspectrometrie/Toxicology/Diagnostic/Full Screen/WCA, NuclearCA, Drugs [that] include) for chemical substantion [sic] that are not in civil use."  Id. at 1.

As here, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  Cheeks v. Fort Myer Constr. Corp., 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  Both the Complaint and the

Amended Complaint are extremely difficult to decipher, containing mainly conclusory statements "present[ing] the type of fantastic or delusional scenarios found to justify immediate dismissal of a complaint as frivolous in the related context of 28 U.S.C. § 1915(d)." Hamrick, 2009 WL 8747880, at *1 (citing Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Due to the ambiguous nature of Dali's assertions, which relate to incomprehensible conspiracies by unidentified bad actors, neither the Court nor Defendants can make heads or tails of her intended claims or determine whether she is entitled to any relief. In fact, the alleged involvement of most Defendants, if any, is unclear.

Compounding these problems, Dali has entirely failed to establish why Walter Reed would be obligated to provide her with a bespoke blood test. Nor can the Court independently discern such an obligation. And insofar as Dali seeks to compel a criminal investigation by federal law enforcement, she may not do so. "This court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case." Wagner v. U.S. Solic. Gen., No. 22-3671, 2023 WL 122272, at *1 (D.D.C. Jan. 4, 2023) (Cooper, J.). Nor may a plaintiff compel a criminal investigation by filing a civil complaint. See Otero v. U.S. Attorney General, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); see also Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982).

Accordingly, the Court will dismiss the Complaint and Amended Complaint without prejudice. A separate Order accompanies this Opinion.

CHRISTOPHER R. COOPER  
United States District Judge

Date: January 29, 2025